[Cite as *State v. Grimm*, 2013-Ohio-3450.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| HARTLEY GRIMM | : | Case No. 2013CA00015 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |



CHARACTER OF PROCEEDING:          Appeal from the Massillon Municipal
                                  Court, Case No. 2012-TRD-08202



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 August 5, 2013



APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

ROBERT A. ZEDELL                        RICK L. FERRARA
Massillon Law Department                2077 East 4th Street
Two James Duncan Plaza                  2nd Floor
Massillon, OH  44646                    Cleveland, OH  44114

*Farmer, J.*

{¶1} On October 30, 2012, Ohio State Highway Patrol Sergeant John Hromiak observed a traffic signal turn green and then appellant, Hartley Grimm, pass through the intersection on what would have been the red light for his roadway. Sergeant Hromiak pulled appellant over and issued a citation for failure to stop for a red light in violation of R.C. 4511.13(C).

{¶2} On November 19, 2012, appellant filed a motion to dismiss for failure to arraign him in a timely manner pursuant to local rule. The trial court denied the motion on November 20, 2012.

{¶3} A bench trial before a magistrate commenced on November 28, 2012. The magistrate found appellant guilty, and assessed a fine and two points on his driver's license. Appellant filed objections. By entry and order filed December 13, 2012, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT APPELLANT'S CONVICTION FOR FAILURE TO STOP AS REQUIRED."

II

{¶6} "INSUFFICIENT EVIDENCE SUPPORTED APPELLANT'S CONVICTION."

III

{¶7}   "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR FAILURE TO ARRAIGN APPELLANT ACCORDING TO LAW."

IV

{¶8}   "THE TRIAL COURT AND/OR MAGISTRATE ERRED IN ASSESSING POINTS FOR A RED LIGHT VIOLATION."

I, II

{¶9}   Appellant claims his conviction for a red light violation was against the sufficiency and manifest weight of the evidence as there was no testimony to establish his vehicle had crossed the "stop line" after the light turned red.  We disagree.

{¶10}  On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.  The granting of a new trial

"should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶11} R.C. 4511.13 sets forth the rules of the road for vehicles as they approach a signal light. Subsection (C) controls red light signals and states the following at (1)(a):

> Vehicular traffic, streetcars, and trackless trolleys facing a steady circular red signal indication, unless entering the intersection to make another movement permitted by another signal indication, shall stop at a clearly marked stop line; but if there is no stop line, traffic shall stop before entering the crosswalk on the near side of the intersection; or if there is no crosswalk, then before entering the intersection; and shall remain stopped until a signal indication to proceed is displayed except as provided in divisions (C)(1), (2), and (3) of this section.

{¶12} R.C. 4511.12(A) specifically states, "[n]o pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instructions of any traffic control device placed in accordance with this chapter, unless at the time otherwise directed by a police officer."

{¶13} Sergeant Hromiak testified to the following (T. at 13-14 and 17, respectively):

> Q. Okay tell us what happened that day to cause you to write a citation?

A. When I was stopped at … I had a steady red light for northbound traffic. At that time I could see the light change from green, yellow to red, you can see the color for traffic going westbound on Locust Street. There is approximately a two second delay when it turns red for traffic on Locust Street before my light changes to green …

Q. And why is that? Why is there a little bit of a delay?

A. Um they do that so there's not traffic crash so the light doesn't change simultaneously and vehicles going through the intersection so there's a delay there.

Q. Okay.

A. At that time um there was a vehicle that had turned that was traveling westbound on Locust Street that was turning southbound onto Cherry Street. At that time as the vehicle was going through my light turned green um probably about one and half to two seconds later um Mr. Grimm's vehicle was seen traveling through the intersection westbound on Locust Street um once it went through the um once I saw the violation I immediately activated my overhead pursuit lights um traffic that was in the turn lane had stopped and let me proceed westbound and traffic that was traveling southbound on Cherry Street at Locust Street had stopped and let me proceed through the intersection westbound on Locust Street.

***

STATE: What if anything did you observe about the car before Mr. Grimm's car?

A. The traffic light from my advantage point, when I saw the traffic light changing was red when the car went through it, it just didn't actually change right to green at that point, it went through the red light. As it was making its turn it turned green and then a second and half to maybe two seconds that's when Mr. Grimm's vehicle went through.

{¶14} The gravamen of appellant's argument is that Sergeant Hromiak could not testify that his vehicle had passed the "stop line" before the light turned red. It is undisputed appellant's vehicle passed through the intersection while the signal light was red for his direction on the roadway.

{¶15} In *Indianapolis & Southeastern Trailways, Inc. v. The Cincinnati Street Ry. Co.,* 166 Ohio St. 310 (1957), the Supreme Court of Ohio rejected this argument. The *Indianapolis* court found a vehicle may proceed through a red light when the vehicle entered the intersection on the green light. There is no dispute that in following a vehicle turning right on red, appellant entered the intersection on red, not green. It is inconsequential what color the signal light was at the stop line some fifty feet from the intersection.

{¶16} Upon review, we find sufficient evidence to find appellant guilty of a red light violation, and no manifest miscarriage of justice.

{¶17} Assignments of Error I and II are denied.

III

{¶18} Appellant claims the trial court erred in denying his motion to dismiss for failure to timely arraign him pursuant to Loc.R. 61 of the Massillon Municipal Court. We disagree.

{¶19} Loc.R. 61 governs appearance of persons not arrested and states the following:

Persons who receive traffic or minor misdemeanor citations in which a plea of "Guilty" and payment of a set fine and costs may be done by mail or at the Clerk of Court's Office shall be given a Court date for arraignment by the citing officer not more than seven (7) calendar days from the date of citation. If the seventh calendar day fails (sic) on a Saturday, Sunday, or Court holiday, or if it is inconvenient for the person who receives the citation, the next regularly scheduled Court day shall be set by the citing officer.

Persons who are charged with traffic offenses which require a Court appearance by law shall be given a Court day for arraignment by the citing officer of at least seven (7) calendar days, but not more than ten (10) calendar days from the date of citation. If the tenth calendar day falls on a Saturday, Sunday or Court holiday, or if it is inconvenient for the person who receives the citation, the next regularly scheduled Court day shall be set by the citing officer.

{¶20} Appellant was cited on October 30, 2012 at 6:41 p.m., and was ordered to appear on November 14, 2012, fourteen days after the issuance of the citation. R.C. 2945.71(A) mandates that a person charged with a minor misdemeanor shall be brought to trial within thirty days of the person's arrest. The trial before the magistrate was held on November 28, 2012, within the statutory guidelines. The fact that the arraignment was more than ten days after the citation in no way impacted upon appellant's speedy trial rights.

{¶21} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.

{¶22} Assignment of Error III is denied.

IV

{¶23} Appellant claims the trial court erred in assessing him two points on his driver's license for the red light violation. We disagree

{¶24} R.C. 4510.036(C)(15) provides: "A court shall assess the following points for an offense based on the following formula:***With the exception of violations under section 4510.12 of the Revised Code where no points shall be assessed, all other moving violations reported under this section .......... 2 points." R.C. 4510.01(E) defines "moving violation" as, "any violation of any statute or ordinance that regulates the operation of vehicles, streetcars, or trackless trolleys on the highways or streets."

{¶25} Upon review, we find no error in the trial court's adherence to the mandates of R.C. 4510.036(C)(15).

{¶26} Assignment of Error IV is denied.

{¶27} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney

SGF/sg 0709

[Cite as *State v. Grimm*, 2013-Ohio-3450.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HARTLEY GRIMM | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2013CA00015 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of Massillon Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney